# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

BRUNSON ROBERTS                                               PETITIONER
ADC # 127841

VS.                          3:20-CV-00219-JM/JTR

GARY MUSCLEWHITE[1]                                           RESPONDENT

### RECOMMENDED DISPOSITION

      The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

---

[1] The Petition incorrectly names "Gary Musclewhite" as the Respondent.  *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner]"); § 2254 Rule 2(a).  Because Roberts is currently incarcerated in the Arkansas Department of Correction, Grimes Unit, the correct Respondent is Dexter Payne, Director of the Arkansas Department of Correction's Division of Correction.

## I. Introduction

On February 3, 2020, Brunson Roberts ("Roberts") pleaded guilty in Pulaski County Circuit Court to second-degree battery and received a six-year prison sentence. *Doc. 2*; *State v. Roberts*, Case No. 60CR-18-1553, Plea Statement (February 3, 2020) (accessible online at https://caseinfo.arcourts.gov/cconnect).

On August 3, 2020, Roberts filed the § 2254 habeas Petition now before the Court. *Doc. 1.*[2]  Roberts claims that, when he entered his guilty plea, he did not know, and neither the trial judge nor his attorney advised him, that the "[Arkansas Parole Board] is not required to release [him] to the community supervision[,]" *i.e.*, the Board is not required to grant him early release on parole.[3]  *Doc 1 at 4.*  Roberts acknowledges that, prior to filing his habeas Petition, he made no effort to pursue a direct appeal or to file any other petitions, applications, or motions challenging his conviction or sentence in state court.  *Doc. 1 at 2-3.*

Importantly, Roberts does *not* seek to withdraw his guilty plea.  *Id. at 4.*  Instead, Roberts asks this Court to *either* order the Arkansas Parole Board to grant

---

[2] Roberts did not pay the $5.00 filing fee or move for leave to proceed *in forma pauperis*. *See* 28 U.S.C § 2254 Rule 3(a).  Ordinarily, the Court would order him to do one or the other before addressing his habeas claims.  However, because Roberts is clearly not entitled to the relief he seeks, the Court recommends dismissing the habeas Petition.

[3] This claim is directly contradicted by Roberts's signed plea statement, in which he specifically acknowledged that "no one . . . made [him] any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get [him] to enter this plea[.]"  Plea Statement, *State v. Roberts*, Case No. 60CR-18-1553 (February 3, 2020) (accessible at https://caseinfo.arcourts.gov/cconnect).

him release on parole *or* order his outright release because, when he entered his guilty plea, he thought he would be parole eligible on or around August 18, 2020.[4] *Doc. 1 at 4-5.*

For the following reasons, the Court recommends dismissing Roberts's habeas Petition.

## II.  Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2254, Rule 4; 28 U.S.C. § 2243.

28 U.S.C. § 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (*quoting* 28 U.S.C. § 2254(a)). "[F]ederal habeas corpus relief does not lie for errors of state law."  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (omitting citations and internal quotations).  Thus, this Court's authority in resolving Roberts's habeas Petition is limited to determining whether a federal constitutional violation has occurred.

---

[4] According to the ADC website, Roberts will be eligible for parole on December 15, 2020. *See* https://apps.ark.org/inmate_info/search.php.

A federally-protected liberty interest "may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies."  *Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (a liberty interest may arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials").

First, a prisoner has no standalone federal liberty interest in the possibility of parole.  *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).  Second, it is well established that the Arkansas parole statutes do *not* create a federal constitutional right to parole.[5]  Instead, the Arkansas statutes create only the *possibility* of parole, which is insufficient to create any liberty interest protected by the Due Process Clause.[6]

---

[5] Arkansas law imposes minimal restrictions on its Parole Board, which "may" release an individual on parole when, in its opinion, there is a reasonable probability that an inmate can be released without detriment to the community or himself.  Ark. Code Ann. § 16-93-701(a)(1).  The Parole Board is also granted discretion to formulate "all policies, rules, and regulations regarding parole," to set conditions for parole, and to determine if or when a particular inmate will be paroled. Ark. Code Ann. §§ 16-93-206(a)(1) & (4), (e)(1) & (f) and 16-93-1302.

[6] Federal courts have repeatedly held that the Arkansas statutes create only a possibility of parole, and thus do not establish any right to release on parole which would invoke due process protection.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (inmate had "no constitutionally protected liberty interest in the possibility" of parole even when board rescinded "an initially favorable parole decision"); *Robinson v. Kelley*, 2015 U.S. Dist. LEXIS 170099, 2015 WL 9311923, at *3-4 (E.D. Ark. Nov. 5, 2015) (no due process claim based on the denial of parole because Arkansas's parole laws do not give a prisoner a right to parole),

Roberts's habeas claim is based on nothing more than *his own misunderstanding* as to when he would become parole eligible since he admitted in his signed plea statement that "no one . . . made [him] any promises regarding parole eligibility [or] early release . . . to get [him] to enter this plea[.]"  Plea Statement, *supra*.

Put simply, Roberts has a liberty interest in release at the expiration of his sentence; however, he does not have a liberty interest in release *before* his sentence expires.  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (There is no federal constitutional right to release on parole before the expiration of a valid sentence.); *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (The federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence.).  The question of *when* Roberts is eligible for release on parole is purely an issue of state law.

Accordingly, because Roberts's claim does not state a violation of any federal constitutional right, it is not cognizable in habeas corpus.

---

recommendation adopted 2015 U.S. Dist. LEXIS 171333, 2015 WL 9305675 (E.D. Ark. Dec. 21, 2015); *Crossno v. Hobbs*, 2014 U.S. Dist. LEXIS 151401, 2014 WL 5419979, at *3-4 (E.D. Ark. Oct. 22, 2014) ("neither Arkansas law nor the Board's regulations give rise to a liberty interest in parole"); *Sims v. Hobbs*, 2011 U.S. Dist. LEXIS 99561, 2011 WL 3889711, at *2 (E.D. Ark. Sept. 2, 2011) (regardless of statutory provisions using the word "shall," Arkansas's parole statutes "do not establish any right to release on parole or transfer which would invoke due process protection").

In addition, if Roberts had alleged a cognizable habeas claim, it would fail at this point because Roberts admits and the public record confirms that he has not even attempted to exhaust his state court remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (Before filing a § 2254 habeas petition, a habeas petitioner must "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies.); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

IT IS THEREFORE RECOMMENDED THAT:

1.      The Clerk of the Court be directed to change the Respondent to "Dexter Payne, Director, Arkansas Department of Correction."

2.      Roberts's habeas Petition be DISMISSED, with prejudice.

3.      A Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 17th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE